# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 14, 1921.

THE BOULEVARD PERMANENT BUILDING AND LOAN ASSOCIATION NO. 1 OF BALTIMORE CITY

VS.

THE BOULEVARD BUILDING AND LOAN ASSOCIATION, INC.

*Gustavus A. Korb* and *E. E. Ottenheimer* for complainant.

*J. Elmer Martin* and *S. Ralph Warnken* for respondent.

STUMP, J.—

This case, it seems to the court, to furnish another illustration of what I suppose we might call individuality of every case, its own individuality.

Now, you have reviewed the law in various cases in a very interesting and orderly manner, but the court has been unable to get away from its early impression in this case. Some of the facts, as the court understands them, show that the complainant corporation was established a good many years ago and has been a prosperous and successful corporation, and that within the last two years, maybe, the defendant corporation was organized and has commenced to do business.

Now, as to the lack of evidence of intent, the court thinks that the intent may be presumed from the facts. That is, the court does not understand that there has to be evidence that the organizers of the corporation said to each other they thought that would be a good way to get some of the business established by the other corporation and that they would use that name for that purpose. The name of the complainant is, in substance, The Boulevard Building Association — without giving the technical name, that is what it means to the public. The name of the defendant corporation is The Boulevard Building Association, as far as anybody that has any occasion to have his attention drawn to the Building Association is concerned.

There is evidence, the court thinks, of interference already, and it is very natural for an association, for instance, that has been in a well established business not to want bankers and any of the banks in town feel that it does not meet its obligations or give them that impression, because most of these bankers have good recollections where credit is involved, and it is a very sensitive matter, and it does seem to the court, although I realize how reluctant the court should be to interfere with the transaction of business by the writ of injunction, that this is a case which entitles the complainant to some relief.

The court recognizes that the charter was approved and the name was approved by the proper branch of the State Government. As I said before, if it were clear that that branch had the determination of the question, it would be without the jurisdiction of this court, and I recognize what has been said by the members of the bar, which is always entitled to great respect; but I do feel that the complainant is justified in protesting, after having been in business 10 or 12 years and has established itself with credit, against the bankers and other members of the community getting a strong impression of facts tending to show that its credit is not first class and that it does not meet its notes when due, and possibly does not pay its bills when they are presented. It is not a question of the confusion of names or misleading the public. It is not what a man can find out where a name is suggested to him, but what he is likely to do. If the Boulevard Association was referred to him, and we know that if a man's attention is called to the fact that there are two Boulevard Building Associations, then, if he is a prudent man or a careful man, if the material is there, he can easily distinguish them by a comparison of the name that has been given him—if it has been given correctly and fully—with those names in the directory, and it seems to the court it is not necessary to have those names so similar as to do that.

Now, if the younger corporation had adopted the name, as has been suggested, of The Thirty-third Street Boulevard Association, or the Charles Street Boulevard Association, or the Annapolis Boulevard Association, I think that the complaint would fall. There would be no ground to it. But I do think, again, that both start out with practically the same name—The Boulevard Association, without going into the technical names—I know they are not the same because after you pass the word "Boulevard" a careful person can distinguish between the two corporations—and it seems to the court that if these two corporations had been incorporated nearly at the same time, the court, under those authorities, might very well not have granted any relief. But in this particular case, to come back to the individuality of the case, it seems to the court that this is a case where the complainant should have some remedy now, and I think it is not a remedy that has to be applied today, and there should not be any disposition on anybody's part to hamper or interfere with the business transactions of the defendant corporation, and for that reason I will sign no order today, but will leave the matter open for a later decree after the defendant's counsel have · considered what they deem best under the circumstances to do, and if the conclusion is reached that nothing else is advisable without first having the upper court pass on the matter, then, whenever requested, I will sign the decree for the purposes of appeal.